UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINA LOPEZ (A-Number: 205-321-887),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-4852-DC-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Rosalina Lopez, a 38-year-old citizen of Mexico, entered the United States without permission in 1994, when she was six years old. On April 30, 2026, petitioner reported to the ICE office in San Francisco to inquire about her next immigration court date and to obtain her A-number. ICE re-detained petitioner based on records checks that revealed that she had been arrested in November 2025 for petty theft. She has been held in immigration custody since April 30, 2026, without a bond hearing.

Petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that her detention violated due process. Respondent responded that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii), the Laken Riley Act. For the following reasons, I recommend that the petition be granted and that respondent be ordered to provide petitioner a bond hearing.

**Background**

Petitioner entered the United States without permission in 1994, when she was six years old. ECF No. 1 at 5. After petitioner's parents brought her to the United States, her mother left

her alcoholic father and had a boyfriend who helped her support her family of eight children. ECF No. 1 at 5. This boyfriend sexually and physically abused plaintiff for years until child protective services took her from the home. *Id.* Petitioner lived in foster care until she was 18 years old. *Id.* Petitioner has a pending 2012 U-visa application based on that abuse. *Id.* She attended immigration court in 2013 related to that application, was told to return in several years, and then her lawyer retired, and she lost contact. *Id.*at 6.

Petitioner appears to have been previously detained by ICE three times: her rap sheet reflects that the San Francisco ICE Enforcement and Removal Operations ("ERO") branch fingerprinted her and noted her immigration status on March 19, 2012, December 23, 2016, and March 16, 2020. ECF No. 7-2 at 3-4. Petitioner's Form I-213 indicates that in early 2020, she came to the attention of ICE while she was in jail, and officers placed a detainer. ECF No. 7-1 at 4. There is no documentation in the record regarding when and on what terms she was released from any of these prior immigration detentions.[1]

On April 30, 2026, petitioner went to the ICE office in San Francisco to ask about her U-visa immigration court date and obtain her A-number. ECF No. 1 at 7; ECF No. 7-1 at 4. ICE ERO took her into custody, after determining that she had been arrested for a petty theft in November 2025. ECF No. 7-1 at 4. Petitioner's Form I-213 indicates the "current administrative charges" against petitioner: that she is present in the United States "without admission or parole" in violation of INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 7-1 at 2. Petitioner's Form I-213 also indicates that ICE officers referred her to the Alternative to Detention program that day. ECF No. 7-1 at 3. However, despite that referral, petitioner has

[1] As petitioner notes, I ordered respondent to "file any documents necessary for resolving the issues presented in the petition." *See* ECF No. 6 at 2. Petitioner has attempted, both informally and formally, to obtain records from respondent that would document petitioner's past immigration custody and the nature and dates of her releases from such custody. *See* ECF No. 11; ECF No. 13 at 6, n.2. Petitioner has also attempted to obtain from respondent a copy of her current Notice to Appear ("NTA"). *Id.* Respondent has refused to provide these records. ECF No. 12; ECF No. 13 at 6, n.2. The government is in possession of these immigration documents and has chosen which arguments to make and what documents to submit to develop the factual record in support of those arguments. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020). As I recommend granting the petition on the record before me, I deny petitioner's motion to compel, ECF No. 11, as moot.

been detained in ICE custody since April 30, 2026, without a bond hearing.

Petitioner is the mother of five U.S. citizen children. ECF No. 1 at 6. Petitioner indicates that she was homeless for a period of time, and, in 2023, was attacked with a caustic liquid while she was sleeping on the streets, requiring significant medical care for her third-degree burns. ECF No. 1 at 6. Since arriving in the United States, petitioner has amassed a long, but relatively low-level, criminal history. Her rap sheet reflects arrests and some convictions for charges as diverse as car theft, commercial burglary, being under the influence of a controlled substance, petty theft, receiving stolen property, possession of a controlled substance, trespass, and vandalism. *See* ECF No. 7-2.

On November 12, 2025, petitioner was arrested in Oakland, California, for petty theft and related charges. ECF No. 7-2 at 20. Respondent claims that charges are pending, but the rap sheet does not reflect this. *Id.* Respondent has provided no documentation of pending charges.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that her detention without a bond hearing violates due process. ECF No. 1 at 14. Respondent counters that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E), the Laken Riley Act. ECF No. 7 at 1. Under that section, the attorney general "shall take into custody" any noncitizen who "(i) is inadmissible under paragraph (6)(A), (6)(C),

or (7) of section 1182(a) of [title 8]" and "(ii) is charged with, [or] is arrested for, . . . any theft, larceny, [or] shoplifting." 8 U.S.C. § 1226(c)(1)(E).

Petitioner argues that she cannot be mandatorily detained under this section unless her NTA charges her with the Laken Riley predicate. ECF No. 13 at 4. Respondent has declined to provide the NTA to petitioner and has not put it in the record. *See* ECF No. 12; ECF No. 13 at 6, n.2. As petitioner correct notes, the only "administrative charge" mentioned in the Form I-213 is that petitioner is currently charged with being an "alien present without admission or parole" under 8 U.S.C. § 1182(a)(6)(A)(i).

The NTA must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law." 8 U.S.C. § 1229(a)(1). In *In re Kotliar*, 24 I&N Dec. 124 (March 21, 2007), the BIA emphasized the importance of including in the NTA any ground for removal that "subjects [a noncitizen] to mandatory detention." *Id.* at 127. This is because the "charging document serves as notice to the alien of the circumstances relied on by the DHS to detain him." *Id.* "[W]here the basis for detention is not included in the charging document, the alien must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." *Id.*

The record before me indicates that petitioner's NTA does not include the Laken Riley ground that would authorize the government to mandatorily detain her. *See* ECF No. 7-1 at 2. Respondent declined to provide a copy of the NTA to petitioner and did not put it in the record.[2] Under *Kotliar*, 24 I&N Dec. at 127, petitioner "must be given notice of the . . . convictions that provide the basis for mandatory detention and an opportunity to challenge the detention." Without such notice in the NTA, petitioner must be provided "an opportunity to challenge the detention" at a bond redetermination hearing. *Id.* I recommend that the petition be granted and that respondent be ordered to provide petitioner a bond hearing. *See C.Q. v. Warden of Golden*

---

[2] This refusal is puzzling given that the INA requires the government to provide the NTA to the noncitizen or his or her counsel. *See* 8 U.S.C. § 1229(a)(1).

*State Annex Det. Center*, No. 1:26-cv-4317-MWJS, 2026 WL 1999922, at *2 (E.D. Cal. July 10, 2026) (ordering bond hearing where NTA did not provide notice of any "criminal ground of inadmissibility or deportability").

Such a result is consistent with other cases where the government asserted mandatory detention authority under 8 U.S.C. § 1226(c)(1)(A) but failed to charge that in the NTA. *See Colmenares-Pinto v. Warden of the Golden State Annex ICE Det. Fac.*, No. 1:26-cv-0812-DAD-SCR, 2026 WL 923804, at *5 (E.D. Cal. Apr. 3, 2026) ("The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered under 8 U.S.C. § 1182(a)(2) as a prerequisite to mandatory detention under that provision."), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026); *Miao v. Chestnut,* No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026) (rejecting the respondent's mandatory detention argument because grounds where not charged in NTA).

Consistent with my recommendation on the first ground for granting the petition, I recommend that petitioner be afforded a bond hearing.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to compel discovery, ECF No. 11, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Within seven days of this order, petitioner (A-Number: 205-321-887) be provided a bond hearing before a neutral adjudicator in accordance with 8 U.S.C. 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. Within 24 hours of the filing of the court's order, respondent shall personally serve petitioner with this order and file proof of such service on the docket.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE