UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSALINA LOPEZ (A-Number: 205-321-887),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-04852-DC-JDP (HC)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 11, 16)

Petitioner, an immigration detainee, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2026, the magistrate judge filed findings and recommendations, recommending that the habeas petition be granted and that Respondents be ordered to provide a post-deprivation bond hearing because there is insufficient evidence to show the Notice to Appear issued to Petitioner specified that she was being mandatorily detained pursuant to the Laken Riley Act. (Doc. No. 16 at 3–5.) The findings and recommendations were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (*Id.*) On August 13, 2026, Petitioner filed objections to the findings and recommendations, objecting only to the extent the magistrate judge did not specify that the

government would bear the burden by clear and convincing evidence at the bond hearing. (Doc. No. 17.) On August 14, 2026, Respondents filed objections to the findings and recommendations, stating merely that, "[i]n order not to waive the right to appeal, Respondents generally object . . . for the reasons stated in [their] prior pleadings." (Doc. No. 18.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned will decline to adopt the findings and recommendations and deny habeas relief. As detailed further below, the undersigned finds that there is sufficient evidence to show that Petitioner was properly detained under 8 U.S.C. § 1226(c)(1)(E), and that she should have raised her arguments as to the validity of her detention in a *Joseph* hearing before seeking habeas relief.

**A. 8 U.S.C. § 1226(c)**

The undersigned finds the facts of this case sufficiently distinguishable from the cases relied upon in the findings and recommendations, all of which pertained to noncitizens detained under 8 U.S.C. § 1226(c)(1)(A) for whom the respondents had failed to make a sufficient showing that the noncitizen was inadmissible under 8 U.S.C. § 1182(a)(2). *See Colmenares-Pinto v. Warden of the Golden State Annex ICE Det. Fac.*, No. 1:26-cv-0812-DAD-SCR, 2026 WL 1430913, at *2–4 (E.D. Cal. May 21, 2026), *Miao v. Chestnut*, No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *1–2 (E.D. Cal. Apr. 8, 2026), and *C.Q. v. Warden of Golden State Annex Det. Ctr.*, No. 1:26-cv-4317-MWJS, 2026 WL 1999922, at *2 (E.D. Cal. July 10, 2026). Here, however, Petitioner was detained under 8 U.S.C. § 1226(c)(1)(E), which does not require the same showing. Under 8 U.S.C. § 1226(c)(1)(E), a noncitizen may be detained if they are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and arrested for theft. 8 U.S.C. § 1226(c)(1)(E). Petitioner's Form I-213 charges her as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and shows, along with her RAP sheet, that she has a history of theft-related arrests, with the most recent one on November 19, 2025, being the catalyst for her current immigration detention. (Doc. Nos. 7-1, 7-2.) Specifically, the Form I-213 shows that on April 30, 2026, Petitioner admitted to her arrest for theft in an interview with immigration officials, and that, "[b]ased on [this] recent criminal arrest, [she] was taken back into ICE ERO custody." (Doc. No. 7-1 at 4.) Together, these facts are

sufficient to show that Petitioner was properly detained under 8 U.S.C. § 1226(c)(1)(E). *See Cobis-Gamboa v. Warden, Cal. City ICE Det. Fac.*, No. 2:26-cv-00658-DC-CKD, 2026 WL 1815504, at *1 (E.D. Cal. June 24, 2026) (finding the petitioner subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) where the Form I-213 charged the petitioner as "inadmissible under 8 U.S.C. § 1182(a)(6)(A)" and showed that the petitioner "was arrested for committing grand larceny"); *In Re Kotliar*, 24 I. & N. Dec. 124, 126 (BIA 2007) (rejecting the respondent's argument that he should not be subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) where the Notice to Appear failed to charge him as "removable on the basis of his convictions," and holding that "where the record reflects that an alien has committed any of the offenses covered [under § 1226(c)(1)(B)], the alien is subject to mandatory detention pursuant to [§ 1226(c)(1)(B)] as one who is deportable for the offense, without regard to whether [DHS] has exercised its prosecutorial discretion to lodge a charge based on the offense") (citation modified).

**B. Due Process**

Petitioner has been detained under 8 U.S.C. § 1226(c)(1)(E) for nearly four months and argues that her detention has become unconstitutionally prolonged. (Doc. Nos. 7-1; 1 at 9–18.) Consistent with this court's previous rulings, the undersigned finds that Petitioner's detention has not yet grown unconstitutionally prolonged such that a post-deprivation bond hearing is warranted on due process grounds. *See Singh v. Chestnut*, No. 1:26-cv-00127-DC-SCR, 2026 WL 766567, at *1 (E.D. Cal. Mar. 18, 2026) (granting habeas petition and ordering a bond hearing for the petitioner who was detained under § 1226(c) for over fifteen months without a bond hearing); *Cobis-Gamboa*, 2026 WL 1815504, at *1 (granting habeas petition and ordering a bond hearing for the petitioner who was detained under § 1226(c) for over six months without a bond hearing); *Solorzano-Ramirez v. Warden, Cal. City Det. Fac.*, No. 1:26-cv-02540-DC-CSK, 2026 WL 2324305, at *1 (E.D. Cal. Aug. 11, 2026) (finding the petitioner's detention under 8 U.S.C. § 1226(c) totaling fewer than six months to be insufficient to warrant habeas relief on prolonged detention grounds).

**C. *Joseph* Hearing**

Where petitioners challenge whether their criminal charge subjects them to mandatory

detention under 8 U.S.C. § 1226(c), they may challenge that designation before an immigration judge. *Demore v. Kim*, 538 U.S. 510, 514 (2003) (citing *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999)) (stating that noncitizens subject to mandatory detention under 8 U.S.C. § 1226(c) may challenge that designation in *Joseph* hearing before immigration judge). Consistent with this court's previous rulings, the undersigned further finds that Petitioner's remaining arguments relating to whether she is properly detained under 8 U.S.C. § 1226(c) must be raised in a *Joseph* hearing in front of an immigration judge before she may seek habeas relief.[1] *See Behzad v. Albarran et al.*, No. 1:26-cv-04828-DC-CSK, Doc. No. 19 (E.D. Cal. July 7, 2026) (denying temporary restraining order, in part, because the petitioner's arguments as to whether he was "properly detained under § 1226(c) must be raised in a *Joseph* hearing before an Immigration Judge before [he] may seek habeas relief"); *Martinez Rodriguez v. Warden, Cent. Valley Annex*, No. 1:26-cv-03681-DC-CSK, Doc. No. 8 (E.D. Cal. June 5, 2026) (same).

Accordingly, IT IS HEREBY ORDERED that:

---

[1] In her traverse, Petitioner counters Respondents' suggestion that she should have asked for a *Joseph* hearing before an immigration judge to contest her mandatory detention under § 1226(c) (Doc. No. 7 at 1–2), by asserting that "Respondents have provided no proof that [she] received notice of an initial custody determination which classified Petitioner as being subject to § 1226(c), and, therefore, there is no basis on which she can seek a redetermination." (Doc. No. 13 at 7–8.) To support this assertion, Petitioner cites to a portion of the findings and recommendations issued in *Lopez Moreno v. Noem*, No. 1:26-cv-01463-DC-DMC, 2026 WL 2018608 at *3 (E.D. Cal. July 13, 2026), in which the magistrate judge found that "because Petitioner never received a custody determination finding Petitioner is subject to mandatory detention pursuant to § 1226(c), Petitioner is not statutorily entitled to a *Joseph* hearing, and therefore, the petition should not be dismissed for failure to exhaust." (Doc. No. 13 at 8) (quoting *Lopez Moreno*, 2026 WL 2018608 at *3). However, that portion of the findings and recommendations was not adopted by the district judge, who adopted the findings and recommendations in part, only as to the petitioner's claim that his detention violated the statutory requirements of 8 C.F.R § 212.5, not the analysis as to § 1226(c). *See Lopez Moreno v. Noem*, No. 1:26-cv-01463-DC-DMC, 2026 WL 2294778, at *1 (E.D. Cal. Aug. 10, 2026). Moreover, unlike Petitioner whose Form I-213 reflects that she is charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and shows, along with her RAP sheet, that she was arrested for theft on November 19, 2025, the petitioner in *Lopez Moreno* was not arrested for any of the articulated offenses in § 1226(c), i.e., "burglary, theft, larceny, shoplifting, or assault of a law enforcement officer." 8 U.S.C. § 1226(c)(1)(E)(ii). Rather, the petitioner in *Lopez Moreno* was arrested for driving under the influence and causing bodily injury, but "Respondents [made] no showing that Petitioner's arrest arose from *serious* bodily injury, as required under § 1226(c)." 2026 WL 2018608 at *2 (emphasis in original). Thus, Petitioner's reliance on the findings and recommendations issued in *Lopez Moreno* is unavailing.

1. The court DECLINES TO ADOPT the findings and recommendations filed on August 7, 2026 (Doc. No. 16);

2. Petitioner Rosalina Lopez's (A-205-321-887) petition for a writ of habeas corpus (Doc. No. 1) is DENIED;

3. Petitioner's pending motion (Doc. No. 11) is DENIED as having been rendered moot by this order;[2] and

4. The Clerk of the Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **August 24, 2026**

Dena Coggins
United States District Judge

[2] On July 17, 2026, Petitioner filed a motion requesting the court order Respondents to produce certain of Petitioner's immigration-related records. (Doc. No. 11.) The findings and recommendations did not address that motion because the magistrate judge recommended the underlying petition be granted. (Doc. No. 16.) The court has reviewed that motion and finds that the production of the records requested therein would not impact the court's analysis. Thus, the court need not resolve the motion prior to ruling on the petition. (Doc. No. 11.)